IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

HEATHER N. BUCK,                )
                                )
         Plaintiff,             )
                                )
v.                              )    Case No. CIV-17-459-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
         Defendant.             )

**OPINION AND ORDER**

Plaintiff Heather N. Buck (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 44 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a nanny, customer service representative, and receptionist. Claimant alleges an inability to work beginning March 1, 2014 due to limitations resulting from PTSD, depression, anxiety, nerves, right leg problems, Turner's syndrome, thyroid problems, hearing problems, and blindness in the left eye.

**Procedural History**

On November 7, 2014, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 4, 2017, Administrative Law Judge ("ALJ") Deidre O. Dexter conducted an administrative hearing in Tulsa, Oklahoma. On February 9, 2017, the ALJ entered an unfavorable decision. The Appeals Council denied review on October 16, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five; and (2) failing to take Soc. Sec. R. 83-12 into account in arriving at her disability determination.

**Step Five Analysis**

In her decision, the ALJ found Claimant suffered from the severe impairments of dysfunction of a major joint, anxiety disorder, fibromyalgia, obesity, Turner syndrome, vision loss in the left eye, hearing loss with use of hearing aids, and degenerative disc disease. (Tr. 20). The ALJ determined Claimant retained the RFC to perform sedentary work. In so doing, she found Claimant could lift/carry/push/pull five pounds frequently and ten pounds occasionally; and sit for six hours and stand/walk for two hours in an eight hour workday. Claimant should have the option to stand for five minutes after 30 minutes of sitting without leaving her work station. She should not be required to stand/walk for more than 15 minutes consecutively. She could occasionally climb ramps and stairs, stoop, and kneel. She could never climb ladders, ropes, or scaffolds, or crouch or crawl. Claimant could never have exposure to unprotected heights or hazardous moving mechanical parts. She could not be involved with work where items present from the left. She could have exposure to no more than moderate noise. She could

perform simple, routine tasks with regular breaks of at least 15 minutes every two hours. Claimant could occasionally interact with supervisors as needed to receive work instructions. She could work in proximity to co-workers but have no more than occasional direct interaction with them. She could never interact with the general public. (Tr. 24).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative job of document specialist, which the ALJ found existed in sufficient numbers in the national and regional economies. (Tr. 29). As a result, the ALJ concluded that Claimant was not under a disability from March 1, 2014 through the date of the decision. (Tr. 30).

Claimant contends the ALJ and vocational expert erred in identifying the job of document specialist as meeting the limitations of Claimant's RFC, as established by the ALJ. At the administrative hearing, the ALJ first established with the vocational expert that Claimant could not perform her past relevant work. (Tr. 72-73). The ALJ then proceeded through two hypothetical questions, the latter of which reflected the RFC which the ALJ ultimately adopted in this case. Among the functional requirements for the jobs identified by the expert was the ability "to perform simple routine tasks with regular breaks of at least 15 minutes every two hours." (Tr. 75). The vocational expert identified a

single job of document specialist, a sedentary job identified under the *Dictionary of Occupational Titles* ("DOT") as DOT #249.587-018. The SVP was 2 and the available jobs in the national economy was 57,000. When the ALJ inquired whether the vocational expert's testimony was consistent with the DOT, she responded that it was, "aside from the ability to sit or stand outside of the description of sedentary. That was based on my experience as a Vocational Counselor in exerting this type of work. Otherwise, it's consistent." (Tr. 75).

The job of document preparer (or document specialist) identified by the vocational expert has a reasoning level of R3. DOT #249.587-018. Level-three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT app. C, Components of the Definition Trailer, 1991 WL 688702. The Tenth Circuit has stated that a level-three reasoning requirement "seems inconsistent" with an RFC limited to simple and routine tasks. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005); see also Pritchett v. Astrue, 220 Fed.Appx. 790, 793 (10th Cir. 2007) (finding that an RFC limiting a claimant to simple, repetitive, and routine tasks

7

appeared inconsistent with jobs requiring a reasoning level of three and remanding the case to allow the ALJ to address the apparent conflict); Garcia v. Barnhart, 188 Fed.Appx. 760, 767 (10th Cir. 2006) (identifying a conflict between level-three reasoning and a limitation to routine, repetitive, and simple tasks).  Neither the vocational expert nor the ALJ offered explanation for this deviation from the DOT.  While the Commissioner recognizes a conflict within the various panels of the Tenth Circuit on the issue of whether a vocational expert may rely upon the SVP to determine the complexity of a particular job or whether the reasoning level should determine the appropriate level of activity in comparison to the RFC.  This Court has consistently followed the only published opinion on the matter - the Hackett case - to arrive at the conclusion that the reasoning level must be consistent with the level of work established by the ALJ in the RFC or the vocational expert must explain the basis for any discrepancy.  The problem is exacerbated by the fact that the vocational expert was only able to identify a single representative job which Claimant could perform under the RFC.  If that single job is eliminated, Claimant is entitled to a finding of disability.  In this case, the expert and, in turn, the ALJ did not provide an explanation for the deviation from the DOT and the case must be

returned to the ALJ for further development on this issue.

Claimant also urges that Soc. Sec. R. 83-12 on the question of alternate sitting and standing requires a finding of disability. This ruling only requires that a vocational expert be consulted to clarify the implications of imposing a requirement to alternate between sitting and standing.  While the vocational expert was fairly clear on this issue, the expert should be consulted to determine if the job base is eroded by including this requirement in the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 18th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE